RECEIVED

OCT 0 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GLORIA HINES            CIVIL ACTION NO: 13-879

VERSUS               JUDGE DONALD E. WALTER

LODGING AMERICA AT WEST     MAGISTRATE JUDGE HAYES
MONROE, LLC, d/b/a HILTON GARDEN
INN OF WEST MONROE, LLC, et al.

## MEMORANDUM ORDER

Before the Court is a Motion to Remand [Doc. 10] filed on behalf of Gloria Hines. Defendants oppose the motion. [Doc. 13]. Both parties have filed supplemental memorandums. For the following reasons, Plaintiff's motion is hereby **DENIED**.

## PROCEDURAL HISTORY

Plaintiff Gloria Hines ("Hines") filed this tort action on March 28, 2013 in the Fourth Judicial Court for the Parish of Ouachita, State of Louisiana. [Doc. 1-3]. Hines named the following business entities as defendants: Lodging America at West Monroe, L.L.C. d/b/a Hilton Garden Inn of West Monroe, L.L.C. ("Lodging America"); Apple Reit Six, Inc.; Federal Insurance Company ("Federal Insurance"); Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam"); and Jarden Corporation ("Jarden"). [Doc. 1-3 at 1-2].

On April 30, 2013, Defendants Lodging America, Apple, and Federal Insurance removed the case to this Court on the basis of diversity of citizenship jurisdiction. [Doc. 1]. Hines filed the Motion to Remand now before the Court on May 24, 2013. [Doc. 10]. Hines' motion corrects statements made by the Defendants in the notice of removal regarding service of Sunbeam and

1

Jarden. Additionally, Hines argues that removal was improper because Lodging America is a forum state defendant and therefore, removal was procedurally defective under 28 U.S.C. § 1441(b)(2). [Doc. 10-1 at 3]. Defendants filed an opposition to the Motion to Remand. [Doc. 13]. Hines then filed a supplemental memorandum in support of her Motion to Remand. [Doc. 19]. Defendants filed an opposition to Hines' supplemental memorandum in support. [Doc. 19]. Defendants' supplemental opposition raises, for the first time, an argument that Lodging America was improperly joined, and therefore the procedural defects, if proven, would not render removal improper. Hines filed a reply brief to Defendants' supplemental opposition on July 16, 2013. [Doc. 21]. In this reply brief, Hines appears to raise, for the first time, an argument that removal was also procedurally defective because all the removing defendants did not obtain consent from other properly joined and served defendants. [Doc. 21]. On September 4, 2013, this Court ordered both parties to submit additional briefs to resolve the issues discussed herein. [Doc. 22].

## LAW AND ANALYSIS

Generally, a defendant may remove any civil action originally brought in state court provided that the United States District Courts would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). Title 28, United States Code, Section 1332 provides for diversity of citizenship jurisdiction over lawsuits between citizens of different states where the amount in controversy exceeds $75,000. It appears to be undisputed that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.

### A. Citizenship of the Parties

A natural person is a citizen of the state in which she is domiciled. *Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 804, 814 (5th Cir. 2007). Plaintiff Hines is domiciled

in the state of Nevada, and is therefore a citizen of the state of Nevada. [Doc. 1-3 at 1].

The citizenship of a limited liability company is determined by the citizenship of all of its members. *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 224 (5th Cir. 2012) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). Defendant Lodging America at West Monroe, L.L.C. is a Louisiana limited liability company whose members are domiciled in Mississippi. [Doc. 1-3 at 1; Doc. 23]. Defendant Apple Nine Louisiana, L.L.C., is a Virginia limited liability company whose sole member is a citizen of Virginia. [Doc. 8-1; Doc. 23].

"A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Federal Insurance was incorporated in Indiana with its principal place of business in New Jersey. [Doc. 1 at 3; Doc. 23]. Sunbeam and Jarden were incorporated in Delaware and maintain their principal place of business in Florida. [Doc. 1 at 3-4; Doc. 23]. Accordingly, the corporation defendants are citizens of Indiana, New Jersey, Delaware, and Florida.

### B. Forum State Defendant

Hines initially argued that Defendants improperly removed the case to federal court because Defendant Lodging America was a citizen of Louisiana, the state where this action was brought. [Doc. 10]. Hines later concedes that there is complete diversity of the parties. [Doc. 25]. Furthermore, the supplemental memorandum in opposition to the Motion to Remand [Doc. 23] reinforces the Defendants' argument that there is complete diversity between the parties. As such, the forum state defendant argument is without merit.

### C. Improper Joinder

Because this Court finds that there is complete diversity and therefore proper jurisdiction

exists, there is no reason to address the improper joinder claim raised by the Defendants.

### D. Unanimity of Removal

The basis for Hines' motion is an alleged procedural defect in the Defendants' removal of this case. The procedure governing removal is found in 28 U.S.C. § 1446. Under Section 1446(b), notice of removal must be filed within 30 days of a defendant's receipt of service. While not stated explicitly in the statute, in cases with multiple served defendants, all defendants must consent to removal prior to the expiration of the 30-day period. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir.2002). This requirement is frequently referred to as the "rule of unanimity."

This Court finds that Hines waived any argument regarding the applicability of the rule of unanimity. 28 U.S.C.A. § 1447 provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. Hines failed to make any argument regarding the rule within the allotted time. Instead, Hines' entire argument for remand was predicated on the forum defendant rule addressed in 28 U.S.C. § 1441(b)(2) and discussed earlier. The filing of a timely motion to remand, which does not allege a defect in removal procedure, does not preserve a plaintiff's right to object to the defect in removal procedure after the expiration of the 30-day objection period. 28 § U.S.C.A. 1447(c). The procedural argument raised by Hines was too narrow to encompass the procedural challenge later brought by the Plaintiff. Hines only raised this argument in a reply brief to the Defendants' supplemental opposition that was not filed until July 16, 2013, thus rendering the argument untimely. [Doc. 21]. Furthermore, any facts that would have supported Hines' argument were known, or should have been known, at the time the Plaintiff filed her Motion to Remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [Doc.10] is hereby **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this __1__ day of October, 2013.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE