U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN -9 2015

TONY R. MOORE, CLERK
BY_____
     GLORIA HINES, DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GLORIA HINES            *    NO: 3:13-CV-00879
                               *
     Plaintiff              *    JUDGE DONALD E. WALTER
                               *
VERSUS                *    MAGISTRATE KAREN HAYES
                               *
LODGING AMERICA AT WEST    *
MONROE, LLC d/b/a HILTON      *
GARDEN INN OF WEST MONROE, *
LLC; APPLE NINE LOUISIANA., LLC; *
FEDERAL INSURANCE COMPANY; *
SUNBEAM PRODUCTS, INC. d/b/a *
JARDEN CONSUMER SOLUTIONS; *
and JARDEN CORPORATION      *
**************************************

## MEMORANDUM RULING

Before the court is the motion for summary judgment, [doc. #53], filed on behalf of defendants Lodging America at West Monroe, LLC, d/b/a Hilton Garden Inn of West Monroe, LLC ("Lodging America"); Apple Nine Louisiana, LLC ("Apple Nine"); and Federal Insurance Company ("Federal") (collectively, "Defendants").[1] Also before the court is defendants' motion to strike portions of plaintiff's opposition brief. [Doc. #62]. For the following reasons, defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART.** The motion to strike is **DENIED.**

### I. BACKGROUND

Plaintiff Gloria Hines ("Plaintiff") claims that she was injured at the Hilton Garden Inn in West Monroe, Louisiana ("the hotel") on August 13, 2012. [Doc. #1-3, pp. 2–3]. According to

---

[1] On December 18, 2014, plaintiff moved to voluntarily dismiss defendants: (1) Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions; and (2) Jarden Corporation. [Doc. #68]. The motion was granted the following day. [Doc. #69]. Accordingly, the only defendants remaining in the case are the ones currently moving for summary judgement.

plaintiff, the handle of her hotel-provided coffee pot broke off as she was attempting to pour herself a cup of coffee, thereby causing her to spill hot coffee on her upper body. *Id.* She claims that she suffered second-degree burns as a result. *Id.* at 3. Plaintiff therefore sued the above-captioned defendants in Louisiana state court,[2] claiming that the coffee pot was defective and that Lodging America and Apple Nine, "through their agents and employees, were negligent in failing to properly handle, maintain, inspect, display, instruct and/or warn of the dangers of the defective coffee pot." [Doc. #1-3, p. 4]. Plaintiff named Federal in its capacity as Apple Nine's insurer. *Id.* at 5.

After the suit was removed to this court, defendants filed the instant motion for summary judgment. [Doc. #53]. Defendants argue that the record fails to support any of plaintiff's theories of recovery. Specifically, defendants claim: (1) that the coffee pot was inspected on each day plaintiff stayed in the hotel pursuant to standard operating procedure; (2) that no damage to the coffee pot was ever noted by hotel employees; (3) that undisputed expert inspection of the coffee pot revealed that the coffee pot's handle broke because it had been melted with an external heat source, most likely a microwave; and (4) that plaintiff admitted to hotel staff that she placed the coffee pot in the microwave. [Doc. #53-1, pp. 4–8].

In support of its claims, defendants attach an affidavit from Ms. Gloria Flint, the General Manager of the hotel. [Doc. #53-4, pp. 14–17]. In her affidavit, Ms. Flint describes the procedure by which the hotel's coffee pots are usually inspected and states that the subject coffee pot was so inspected each day plaintiff stayed at the hotel. *Id.* at 15. Ms. Flint also states that plaintiff "admitted that she placed the subject coffee pot in the microwave" when she reported her injuries to Ms. Flint

---

[2] Defendants removed the matter to federal court shortly after they were served with plaintiff's petition. [Doc. #1]. Plaintiff's motion to remand was unsuccessful. [Doc. # 27]

at the front desk. *Id.* at 15, ¶ 14; [*see also* doc. #53, p. 3.]. Along with Ms. Flint's affidavit, defendants also attached a blank "Room Attendant Inspection Checklist," which indicates that hotel coffee pots should be dusted, cleaned, and checked for wear when rooms are cleaned. [Doc. #53-4, p.18].

Defendants also attach an affidavit from James Mason, who states that he has "extensive experience in failure analysis in materials including metals, composites, ceramics, plastics and glass." [Doc. #53-4, pp. 19-30]. Mr. Mason states that he inspected the subject coffee pot and determined that its handle broke off due to "localized melting in the area of the metal screw attached to the plastic handle . . . ." *Id.* at 20. He states that neither the coffee maker nor the hotel's cleaning procedures are capable of producing enough heat to melt the handle. *Id.* Mr. Mason concludes that "the only readily available external heating source that could melt the plastic coffee pot handle was the Hilton Garden Inn's guest room microwave positioned above the coffee maker . . . ." *Id.*

Alternatively, defendants assert that Lodging America sold the hotel to Apple Nine in 2010, two years before the accident occurred. [Doc. #53-1, p. 9]. As such, defendants argue that Lodging America had no interest in the hotel on the date of the accident, and therefore cannot be held liable. *Id.* In support of this assertion, defendants attach a "cash deed" provided by the Ouachita Parish Conveyance Office. [Doc. #53-4, pp. 31–36]. The cash deed confirms that Lodging America did, in fact, sell the hotel to Apple Nine on July 28, 2010. *Id.*

In her opposition brief, plaintiff disputes the majority of defendants' assertions. [Doc. #60, p. 9]. Most importantly, plaintiff flatly denies defendants' claim that she admitted to placing the coffee pot in the microwave. *Id.* Plaintiff also disputes the admissibility of Mr. Mason's expert testimony based on two exhibits of correspondence in which counsel argue over what exactly

occurred during Mr. Mason's testing. [Doc. # 60-1, #60-4]. According to plaintiff, this correspondence casts doubt onto the veracity of Mr. Mason's affidavit. [Doc. #60, pp. 10–13]. Finally, plaintiff argues that she is entitled to additional discovery to address defendants' assertion that Lodging America sold the hotel *Id.* at 14.

After plaintiff filed her opposition brief, defendants filed a motion to strike the portions of plaintiff's brief displaying or referencing correspondence between counsel. [Doc. #62]. Defendants argue that communication between lawyers is not competent summary judgment evidence and therefore any and all reference to or argument premised on plaintiff's exhibits should be stricken as inadmissible, irrelevant, and prejudicial. *Id.* at 3.

## II. Standards of Review

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (citing *United States Steel Corp. v. Darby*, 516 F.2d 961 (5th Cir. 1975)).

---

[3] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." LR 56.2.

**B. Motions to Strike**

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and infrequently granted." *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purpose of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868 (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). "A disputed question of fact cannot be decided on motion to strike," and "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus*, 306 F.2d at 868. When questions of fact or law are present, the court should "defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.*

### III. DISCUSSION

Under Louisiana law, "[a] hotel owes a duty to its patrons to exercise reasonable and ordinary care including maintaining the premises in a reasonably safe and suitable condition." *Johnson v. Super 8 Lodge-Shreveport*, 92 So. 3d 519, 522 (La. Ct. App. 2 Cir. 2012) (citing *Spencer v. Red River Lodging*, 865 So. 2d 337 (La. Ct. App. 2 Cir. 2007). "Although the keepers of inns, lodging houses, or restaurants are not the insurers of the safety of their guests, they are under an obligation to exercise, at least, ordinary or reasonable care to keep them from injury." *Johnson*, 92 So. 3d at

522. If the is alleged to have been caused by a thing in the hotel owner's custody or control, a plaintiff "must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect." *Id. (citing Pamplin v. Bossier Parish Cmty Coll.*, 878 So. 2d 889 (La. Ct. App. 2 Cir.2004), *writ denied*, 889 So. 2d 266 (La. 2005)); *see also* LA. CIV. CODE ANN. art. 2317.1 (2010).

After reviewing the parties submissions and considering the law, the court will partly grant summary judgment in favor of defendant Lodging America only. Based upon the "cash deed" provided with defendants' motion, the court is persuaded that Lodging America had completely divested itself of any interest in the hotel in 2010, two years before plaintiff stayed there. [Doc. #53-4, pp. 31–36]. As such, Lodging America could not have owed a duty to the plaintiff because it did not own the hotel, nor did it have custody or control of the coffee pot on the day of the accident.

However, summary judgment on the substantive claim against Apple Nine and Federal is inappropriate. Genuine issues of fact remain as to the cause of the accident, particularly whether plaintiff placed the coffee pot in the microwave, whether the coffee pot was damaged before plaintiff used it, and, if so, whether hotel staff knew or should have known of the damage.

Defendants assert that plaintiff "admitted" to placing the coffee pot in the microwave, but plaintiff points out that she specifically denied this allegation during her deposition. [Doc. #60, p. 9]. Defendants' evidence in support of its claim consists entirely of the statement in Ms. Flint's affidavit, which is not supported by any corroborating documentary evidence. Obviously, whether plaintiff heated the coffee pot in the microwave is a genuinely disputed material fact, the resolution of which will require a credibility determination at trial.

Furthermore, the "Room Attendant Inspection Checklist" provided by defendants merely delineates the manner in which hotel employees are supposed to clean a room. Because the provided checklist is blank, it does not prove that the procedure was actually followed here. The document does not show that plaintiff's room or the coffee pot within it were checked on the day of the accident. Accordingly, genuine issues of fact remain as to this issue and summary judgment must be denied.

Finally, the court will deny defendants' motion to strike because the summary judgment ruling is based on grounds unrelated to the challenged evidence. The correspondence regarding Mr. Mason's testing protocol in no way affects the court's ultimate determination that genuine issues of material fact preclude summary judgment. Accordingly, defendants' are not prejudiced by the introduction of the correspondence and the court will not strike it.

### IV. CONCLUSION

For the foregoing reasons, defendants Motion for Summary Judgment [Doc. #53] is hereby **GRANTED IN PART AND DENIED IN PART.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9 day of January, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE